323 P.2d 689

The CITY OF TUCSON, an Arizona Municipal Corporation; Harlow Phelps, Richard A. Summers, Frank G. Gonzales, Everett F. Drescher, Dennis Weaver, Wilbur F. Conelly, members of the City Council of the City of Tucson; Fred Emery, Mayor of the City of Tucson; Civil Service Commission of the City of Tucson; B. T. Cheek, Ray Webb, and E. C. Monro, members of the Civil Service Commission of the City of Tucson; and Albert Hesselberg, Director of Personnel, City of Tucson, Appellants,

v.

Jay M. SIMPSON, Appellee.

No. 6319.

Supreme Court of Arizona.

April 2, 1958.

Charles C. Gatewood, Tucson, for appellants.

Mesch, Kemper & Jasper, Tucson, for appellee.

PHELPS, Justice.

This is an appeal from a judgment in favor of plaintiff Jay M. Simpson against the City of Tucson, a municipal corporation, in the sum of $1712.70. The parties will be hereinafter designated as plaintiff and defendant in the order they appeared in the trial court.

The facts are that on April 1, 1952, plaintiff was employed in the Assessment Office of the City of Tucson as a clerk, later classified by civil service as Clerk II. The salary paid was $253.40 per month which plaintiff claims under the civil service rating was $286.40. In September of that year plaintiff wrote a paper entitled "The Case for the Lowly Class I and II Clerk" and distributed copies thereof to officials of the Tucson city administration. Counsel for plaintiff describes this paper as a strong attack upon the recommendation for classification and pay changes in the personnel hired by the City of Tucson. It will serve no useful purpose to further relate the facts thereof.

On or about November 1, 1952, plaintiff received a termination notice in which he was advised that: "Because of a material change in the organization of the Assessment Office, it will be necessary to lay you off as clerk in that department effective November 15, 1952. * * *" A slight change was ordered made in the Assessment Office by the city manager, in that the task of assessment collections, which consumed at most 15% of plaintiff's time, was transferred to the treasurer's office. Plaintiff's place was filled within two weeks by other employees over whom he had priority. Plaintiff procured employment with the Grand Central Aircraft Company in Tucson at $1.55 per hour for whom he worked for approximately four and one-half months, but plaintiff testified he didn't know how much he earned during that period, and, when counsel for defendant sought to elicit from plaintiff a more definite statement of his earnings, the court, when counsel for plaintiff interposed further grounds of objection, sustained the

objection upon the ground that there was nothing before the court. The evidence sought to be elicited would have been a proper deduction from what plaintiff would have earned with the city during such period.

Plaintiff accepted re-employment with the city on April 27, 1953, as Clerk I at a salary of $261.40 per month which he accepted under verbal protest to the personnel officer. On September 1 following, he was promoted to Clerk II at a salary of $264 per month. He received no additional increase in salary until September 1, 1954, at which time it was raised to $276 per month. Plaintiff filed his complaint in the instant action on November 5, 1954. In his complaint he sought recovery (1) for losses he claims he sustained caused by improper job classification of his work from September 1, 1952 until the time of filing suit, and (2) for complete loss of wages caused by allegedly improper dismissal from employment from November 15, 1952, until his reinstatement on April 27, 1954. Judgment was rendered as above stated and defendant has appealed. It has presented three assignments of error which raises four well-defined issues:

(1) Was plaintiff's cause of action controlled by the one-year statute of limitations?

(2) If so, was all or only a part of his claim barred?

(3) Had plaintiff exhausted his administrative remedies before bringing this suit, if not, did the court have jurisdiction to try the case.

(4) Did defendant have the right to introduce earnings of plaintiff during his employment with Grand Central Aircraft Company while wrongfully laid off by the city, and consequently, did the court err in denying defendant's motion for a new trial upon the ground that it had wrongfully sustained plaintiff's objection to its admissibility?

The assistant city attorney gave the director of personnel a legal opinion which stated that plaintiff had a cause of action against the city, under the circumstances, for compensation for the time he was separated from his position. Therefore, unless the court committed error in trying the case or plaintiff has failed to comply with the law in prosecuting his claim he should be entitled to damages in some amount.

After a careful study of the issues raised and the records in this case we are of the view that a solution of the question of whether plaintiff exhausted his administrative remedies will make it unnecessary to discuss the other issues. Of course, if plaintiff did not exhaust his administrative remedies, the superior court was without jurisdiction to hear the case and its judgment rendered herein is void. Abel-

leira v. District Court of Appeal, 17 Cal. 2d 280, 109 P.2d 942, 132 A.L.R. 715; Sanders v. Oklahoma Employment Security Commission, 200 Okl. 366, 195 P.2d 272. Let us examine the record.

The city charter provided for the appointment of a Civil Service Commission and prescribed its duties among which was, in substance, that all persons in the classified service were to be under and subject to the rules and regulations of the Civil Service Commission, and enjoined upon the Commission the duty to adopt rules and regulations for the administration of the charter provisions and the ordinances of the city governing the classified service; and further provided that whenever an appointing or employing officer removed, demoted or suspended an employee in the classified service without pay for a period of 10 days, or for periods totaling more than 10 days, or for disciplinary reasons reduces his pay or position (when the employee is permanently employed), he shall be given written notice and reason therefor, which notice shall also be given to the Civil Service Commission before the effective date thereof; that the Commission should by rules and regulations provide for an appeal, and for a fair and impartial hearing thereon, and that decision be rendered thereon within 45 days after receipt of notice. Plaintiff occupied the status of a permanent employee of the City of Tucson on November 15, 1952.

The charter was implemented by Ordinance No. 927 which fully prescribed the procedure to be followed in the discharge of the duties of the Commission, and provided for the Commission to act in routine matters through a director, and for an appeal to the Commission from any decision made by him affecting the rights of employees in the classified service. Plaintiff testified that he was "laid off" not for the reasons set forth in the notice to him, but for other reasons. He states that his position was refilled within two weeks after his services were terminated and that he had priority over the parties who replaced him.

Although the trial court made no findings of fact and conclusions of law indicating upon what legal grounds it rendered the judgment for $1712.40 and although its calculations were erroneous, it is very clear that it was based upon his right to compensation during the time he was not working for the city, i. e., from November 15, 1952 to April 27, 1953, approximately five and one-half months. To do this it had to find as a fact that the plaintiff was wrongfully and illegally separated from his employment during that period of time. We believe the evidence justifies such a finding. It clearly shows that within two weeks after such separation his position was filled by one Roberts who had theretofore been employed on a professional basis in publicizing annexation

elections, etc., and who had no standing in the classified service as a clerk in either the Assessment or Engineer Offices.

■ The court had before it a legal opinion by the assistant city attorney, dated April 7, 1953, which held, in substance, that under such circumstances plaintiff had a cause of action against the city for such back pay. It is the law that when an employee is separated from the service, the separation notice must state the ground therefor, and the employee is entitled to a hearing thereon. If the reason stated is not sustained at the hearing, or if the reason therein stated was a subterfuge in order to get rid of such employee, the separation is wrongful. The fact that the position was necessarily filled soon thereafter would justify the court in finding that plaintiff's separation from his position was not for the purpose stated in the notice. We hold that if plaintiff's separation from his position was for a purpose other than that stated in the notice to him as a subterfuge to separate him from the service, or that his right of priority was violated in such separation from employment, as the court must have found as a basis for its judgment, and which as above stated we believe to be justified by the evidence, the action was wrongful, and his legal rights were violated. Therefore, he was entitled to a hearing before the Civil Service Commission regardless of whether his separation from service is called a lay-off, a suspension, or a discharge. The Commission must strictly comply with the provisions of the charter, the ordinance, and with its own rules and regulations. Civil Service Board of City of Phoenix v. Warren, 74 Ariz. 88, 244 P.2d 1157; City of Phoenix v. Sittenfeld, 53 Ariz. 240, 88 P.2d 83. The rules and regulations adopted by the Civil Service Commission pursuant to the mandate of the city charter provide for an appeal to the Commission by a permanent employee who has been suspended, demoted, or reduced in pay or position. Such appeal must be in writing and must be filed within ten days after receipt of the notice of the appointing officer's action. Failure to file such appeal within the time prescribed constitutes a bar to further recourse on his part. Plaintiff made no attempt to seek a review by appeal to the Civil Service Commission. He did not exhaust his administrative remedies. He therefore had no recourse to the courts.

■ Counsel for plaintiff argues that defendant city did not raise this point in the trial court and that under our rules it cannot be raised in this court for the first time. There is an exception to that rule, however, that is as well established as the rule itself, i. e., that the jurisdiction of the trial court can be raised here even though not questioned in the lower court. The reason for this rule is too obvious to require discussion. Civil Service Commission of City of Tucson v. Foley, 75 Ariz.

364, 257 P.2d 384; Hughes v. Industrial Commission, 69 Ariz. 193, 211 P.2d 463; Mosher v. Bellas, 33 Ariz. 147, 264 P. 468.

For the reasons above stated, judgment is reversed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.