383 P.2d 748

**Wayne A. ENLOE, Reid E. Riggs and Jack Clem, Appellants,**

**v.**

**Francis S. BAKER et al., constituting the Board of Directors of Roosevelt Water Conservation District, Maricopa County, Arizona, Appellees.**

**No. 7018.**

Supreme Court of Arizona.

En Banc.

Tuly 3, 1963.

Dushoff & Sacks, Phoenix, for appellants.

John H. Dick, Chandler, for appellees.

HOLOHAN, Superior Court Judge.

The appellants are land-owners and qualified electors of the Roosevelt Water Conservation District of Maricopa County, Arizona, and the appellees are the Board of Directors of the District, hereinafter referred to as the Board. The District was organized in 1920 under the applicable Arizona statutes dealing with irrigation districts. The Board in April 1958, adopted a resolution expressing the willingness on the part of the District to enter into a contract with the United States to obtain a proposed loan in the sum of $2,780,000 pursuant to the Small Reclamations Project Act of 1956, 43 U.S.C.A. § 422k, as amended. As required by law the Board called an election of the qualified electors within the District for the purpose of submitting the issue of approval

or disapproval of the loan to the electors of the District. At the election the majority of the voters voting therein voted favorably for the loan.

Thereafter on May 11, 1959 the Board, through its officers, signed for the District the proposed contract with the Federal Government. The contract was signed by the Federal Government acting through its representative on May 13, 1959. On May 13, 1959, the appellants filed with the Board a petition to call a special election on whether or not the contract should be cancelled and the general plan abandoned. The petition was signed by more than 25 per cent of the qualified voters of the District. The Board declined to call the requested election. Appellants thereafter filed an action in the Superior Court seeking the issuance of a Writ of Mandamus to compel the Board to call a special election. The Board filed a response and motion to dismiss the petition of appellants. The essential facts were agreed upon by the parties and the issue was submitted to the Court for ruling on the matters of law. The trial court decided the issues in favor of the Board, quashing the alternative Writ of Mandamus and dismissed the petition. Appellants filed a timely appeal and the matter is now presented to us for our consideration

The position of the appellants is that the Board was required by law to call a special election; that appellants have no other adequate remedy to enforce this duty except by Mandamus. Appellants' theory of the case rests upon two separate points: (1) The instrument entered into between the District and the Federal Government is to be considered a bond and the applicable statutes give a right to reconsider previous approval; or (2) The electors of a district have an implied right to rescind action on incurring indebtedness even if previously approved.

A consideration of appellants' first contention requires a review of two Acts of the Legislature. The basic and general act under which the District was organized is Chapter 6, Title 45, Arizona Revised Statutes, 1956 (Sections 45–1501 to 45–1866, A.R.S.). The specific Act under which the instrument in question was negotiated and approved is the District Enabling Act of 1934; Chapter 9, Article 5, Title 45, Arizona Revised Statutes 1956 (Sections 45–2161 to 45–2176 A.R.S.). The latter act was passed subsequent to the former, and the latter act was passed to enable the various types of districts to secure the benefits of federal loans and grants available to local districts under federal legislation. Maricopa County Municipal W. C. Dist. No. 1 v. LaPrade, 45 Ariz. 61, 40 P. 2d 94.

The District Enabling Act of 1934 defined specifically certain terms used in the

act. The two items material to this cause are the words "Bonds" and "Contracts."

A.R.S. 45–2161. Definitions

, In this article, unless the context otherwise requires:

"1. 'Bonds' includes bonds, notes, temporary notes, temporary bonds, interim receipts, interim certificates, certificates of indebtedness, refunding notes, refunding bonds or other evidences of indebtedness or obligations of the district.

"2. 'Contract' or 'Agreement' between the federal government and a district includes contracts and agreements in the customary form and includes a resolution, unilateral promise or other commitment by the federal government by which it undertakes to make a loan, grant or purchase of the kind described in this article upon performance of specified conditions. * * *"

■ Where the legislature provides a statutory definition of a term which is different from the meaning generally and ordinarily given to such words, the statutory definition is the one to be applied. Sisk v. Arizona Ice and Cold Storage Co., 6C Ariz. 496, 141 P.2d 395. The term "Bond" as used and defined in the above statute is given a broader meaning than is generally ascribed to it, and appellants argue that the definition includes all other

evidences of indebtedness or obligations of the district—which would, it is contended, apply to the instrument in question. If the instrument is in law a Bond appellants contend a special election on cancellation is required by law.

A.R.S. § 45–1806. "Special election on question whether bond issue should be cancelled and general plan abandoned; cancellation of certain unsold bonds by resolution.

"A. At any time bonds have been authorized by the qualified electors of the district, but no part thereof have been sold and delivered, the board of directors upon its own initiative may, or upon petition of not less than twenty-five per cent of the qualified electors of the district shall, call a special election for the purpose of submitting to the qualified electors of the district the question of whether or not the bond issue shall be cancelled, . * * *."

The above section is part of the general act applying to Irrigation districts, but appellants contend that these provisions of the general act are made applicable to the specific act unless inconsistent or in conflict with it.

A.R.S. § 45–2176. "Supplemental nature of article.

"This article is cumulative and the powers conferred hereby shall be in

addition and supplemental to the powers conferred by any other general, special or local law. This article is not intended to repeal any other law, but insofar as the provisions of this article are inconsistent or in conflict with the provisions of any other law, the provisions of this article shall be controlling."

Appellants overlook a very crucial point in the construction which they seek to give to these various statutes, and that is: what does the term "Bond" mean in Section 45–1806 A.R.S.? The section, last referred to, is part of a whole act concerning Irrigation Districts, and its provisions were in effect long before the District Enabling Act of 1934. In addition the term "Bond" as applied to the general act has been defined by description.

A.R.S. § 45–1802. "Form of bonds; interest rate; record of sales

"A. The bonds of the district authorized by an election shall be designated as series bonds, and shall be numbered consecutively as authorized. All bonds of each series when issued shall be negotiable and of like force and effect. The bonds shall be payable at a specified time in lawful money of the United States and shall bear interest at a rate not to exceed seven per cent per annum, payable semiannually on July 1 and January 1 each year, * * *

"B. The bonds shall each be of a denomination of one hundred dollars or a multiple thereof, * * * Coupons for the interest bearing the facsimile signature of the secretary shall be attached to each bond.

"C. The secretary shall keep a record of the bonds sold, their number, date of sale, the price received and the name of the purchaser thereof."

The words in A.R.S. § 45–1806 such as "sold and delivered" and "Bond Issue" show that the type of bond contemplated and meant by the legislature was that described in Section 45–1802 A.R.S. We have frequently approved the rule on interpretation of enactments of the legislature to be:

" 'The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the legislature as therein expressed. If possible, a statute should be so construed as to render it a consistent and harmonious whole; if different portions seem to conflict, they should, if practicable, be harmonized, that construction being favored which will render every word operative rather than one which makes some words idle and nugatory. In other words, a statute must receive such construction as will make all its parts harmonize with

each other, and render them consistent with its general scope and object.' "

Hill v. County of Gila, 56 Ariz. 317, 324, 107 P.2d 377, 380; Powers v. Isley, 66 Ariz. 94, 183 P.2d 880; Cummings v. Lockwood, 84 Ariz. 335, 327 P.2d 1012.

The term "Bond" as used in Section 45-1806 A.R.S. was not meant to be defined as the same term in the District Enabling Act of 1934; nor is the term "Bond" as defined in the latter act meant to apply to any other act, for the legislature defined the terms as "In this article, unless the context otherwise requires:" meaning and applying to Article 5, Chapter 9, Title 45 (The District Enabling Act).

■ The instrument in question is in fact and law the "Contract" or "Agreement" between the federal government and the District. We hold that the term "Contract" or "Agreement" as applying to relationship between the federal government and the district is not a Bond. It is true that such a contract may provide for the issuance, purchase, or retirement of bonds (Section 45-2162), but the word "contract" itself is a separate and distinct term and not included within the definition of the term "Bond."

■ Where the special provisions of a statute deal with the same subject as a general statute, the special provisions prevail. Knape v. Brown, 86 Ariz. 158, 342

P.2d 195. The District Enabling Act of 1934, unlike the general statute, contained no provision for reconsideration of favorable action by electors of the District on the issue of contracting with the federal government.

We conclude that the statutes applicable to the District did not require that the Board call a special election to submit to the electors the issue of reconsidering the approval of the contract between the District and the federal government.

The appellants' second position is that the electors of the District have an implied right to reconsider the question of incurring an indebtedness such as that involved in this case. They point out that the indebtedness has the same effect as bonded indebtedness in that all property in the district is subject to a lien for the amount of the indebtedness. Appellants point out that no vested rights have intervened in this case, and it is conceded that the contract in question is not binding on the District as yet because the state certification board has not approved it as required by A.R.S. Section 45-2166.

■ There is authority for the position advanced by appellants. The cases deal with bond issues for school districts and municipalities; there is also considerable authority against the position advanced by appellants. The various positions are the subject of an annotation in 68 A.L.R.2d

1035–1051. We believe that the later cases are against the position advanced by the appellants. These cases point out that the powers of a municipal corporation and its voters are only such powers as are expressly delegated to them by the state, and this delegation of power is both a grant and a limitation of the powers so conferred.

■ The organization of an irrigation district in this state is governed by statute. It is true that once organized such districts have the status of political subdivisions of the state. Ariz.Const. Art. 13, Sec. 7, A.R.S. The constitutional provision making irrigation and like districts subdivisions of the state has not changed their inherent characteristics, and such districts remain as corporations having a public purpose, and possessed of sufficient attributes of sovereignty as are necessary to carry out their purpose. Valley Nat. Bank v. Electrical Dist. No. 4, 90 Ariz. 306, 367 P.2d 655; Taylor v. Roosevelt Irr. Dist., 72 Ariz. 160, 232 P.2d 107.

■ In our view there is no implied power in the electors of an irrigation district to act other than pursuant to the specific delegation of powers set forth in the statutes applicable to such district. If the statutes applicable do not provide for reconsideration by the electors of a matter previously adopted by them, we adhere to the view that the legislature did not contemplate that such power be delegated or conferred on the electors of the district. Goedde v. Community Unit. School District No. 7, Macoupin County, 21 Ill.App. 2d 79, 157 N.E.2d 266; Custer City v. Robinson, S.D. 108 N.W.2d 211.

Since there was no duty, either by statute or implied, requiring the Board to call a special election to reconsider the favorable vote theretofore given by the electors approving the contract between the District and the federal government, the writ was properly denied by the trial court.

Affirmed.

BERNSTEIN, C. J., and UDALL, STRUCKMEYER and JENNINGS, JJ., concur.

Justice LOCKWOOD, having disqualified herself, the Honorable WILLIAM HOLOHAN, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in her stead and participate in the determination of this appeal.