425 P.2d 122

Roger ZUNIGA and Maria L. Zuniga, husband and wife, Appellants,

v.

CITY OF TUCSON, a municipal corporation, Appellee.

No. 2 CA–CIV 291.

Court of Appeals of Arizona.

March 15, 1967.

Rehearing Denied April 13, 1967.

William Messing, Tucson, for appellants.

Gordon S. Kipps, City Atty., Tucson, by William N. Sherrill, Asst. City Atty., for appellee.

MOLLOY, Judge.

The plaintiff, appellant here, is a captain in the fire department of the City of Tucson, having been employed as a fireman since 1942. During the time when he was so employed, but, as he alleges, during his off-hours, the plaintiff conceived an idea or system for the faster locating of fires. This system was presented to appropriate officials in the fire department and was put to use by the city. Plaintiff asked to be paid for the reasonable value of the idea so presented, which request for payment was refused by the city, and this lawsuit followed.

The plaintiff alleged in the first count of his complaint that the reasonable value of his "invention" is $25,000 and he asked for damages in such amount. This count of his complaint does not allege that the city agreed to pay any amount for the system so devised though it is alleged that "* * * at all times * * *" the

plaintiff had insisted he be given compensation for the use of his system.

Count two of the complaint alleged that the defendant, in an effort to force the plaintiff to allow the city to use his "invention" without compensation, removed the plaintiff from his job as an administrative official of the fire department and placed him in charge of a fire-fighting company " * * * in the furthest outpost of said City of Tucson Fire Department;" and, further that the city, for the same ulterior purpose, twice failed to promote the plaintiff and instead promoted his juniors in the fire department. There are no allegations of failure to comply with civil service regulations nor any allegations of breach of an employment contract. Under this second count, the plaintiff asked for compensatory damages in the sum of $10,000 and for $25,000 punitive damages.

In due course, the plaintiff's case came up for pretrial conference, and a pretrial order was entered. This order did not include as an issue to be tried the question of whether a cause of action was stated in either count of the complaint, though the answer of the city to both counts raised this defense. Subsequently, and before trial, the city filed a motion to dismiss count two " * * * for lack of jurisdiction over the subject matter." The city relied, in part, upon the decision of City of Tucson v. Simpson, 84 Ariz. 39, 323 P.2d 689 (1958), which held:

"Of course, if plaintiff did not exhaust his administrative remedies, the superior court was without jurisdiction to hear the case and its judgment rendered herein is void."

84 Ariz. at 41, 323 P.2d at 691.

Immediately prior to the commencement of the jury trial, the court granted the motion to dismiss, stating as its reasons for doing so:

"* * * that the Pltf. has failed to state a claim upon which relief can be granted insofar as Count II is concerned, * * *"

A jury trial resulted in a defendant's verdict as to count one. This appeal follows.

■ The first question presented for review is in two parts: (1) whether a trial court can, at a hearing of a motion to dismiss for lack of jurisdiction over the subject matter, dismiss a complaint for failure to state a claim, and (2) whether this can be done after the entry of a pretrial order which does not specify that one of the legal issues is whether the complaint states a cause of action.

Rule 12(i) (1) provides in part:

"That the defense of failure to state a claim upon which relief can be granted, * * * may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or *at the trial on the merits.*" (Emphasis added)

■ Our Supreme Court has indicated that the failure to state a cause of action may be raised by the court on its own motion:

"As such, it does not state a cause of action and should have been dismissed by the trial court, if necessary on its own motion, inasmuch as the cross defendant did not attack its sufficiency." Jacob v. Cherry, 65 Ariz. 307, 309, 180 P.2d 217, 218 (1947).

This seems to be the general law under rules such as ours: Barron & Holtzoff, Federal Practice & Procedure, Vol. 1A, § 356, pp. 356–57; and 2A Moore's Federal Practice (2d ed.) § 12.14, p. 2266.

■ A pretrial order does not completely jell the issues in an action. Rule 16, Rules of Civil Procedure, 16 A.R.S., provides that a pretrial order may be modified " * * * to prevent manifest injustice." Rule 16(a) (6), Rules of Civil Procedure. The Rules of Civil Procedure should be read together and we hold that the specific provision above quoted from Rule 12, that a failure to state a cause of action may be raised " * * * at the trial on the merits" is controlling over the general provisions of Rule 16 to the effect that the pretrial order

"* * * controls the subsequent course of the action * * *." Enloe v. Baker, 94 Ariz. 295, 383 P.2d 748 (1963); 82 C.J.S. Statutes § 369, p. 839; 50 Am.Jur. Statutes § 367, p. 371.

The second question presented is whether the lower court erred in permitting the "Assignment Judge" to hear and determine the motion to dismiss rather than the judge who was to try the case. In his brief the plaintiff states that he requested that this motion be heard by the judge who was to try the case. Assuming that such request was made, we see no error. The assignment of a particular case to an individual judge is a matter of court administration and lies within the province of the Supreme Court, Article 6, Section 3, Arizona Constitution, A.R.S. A litigant has no right to insist that any matter be heard by any particular judge. His recourse in the event that he is dissatisfied with the assignment of a case to a particular judge is to file an affidavit of bias and prejudice in pursuance of A.R.S. § 12–409 et seq., Ellsworth v. Ellsworth, 5 Ariz.App. 89, 423 P.2d 364 (1967).

The third question presented for review is whether the trial court gave repetitive instructions so as to unduly emphasize defendant's theory of the case.

At the trial, the plaintiff objected to defendant's instructions 1, 2 and 3 on the basis that they were repetitious and already covered by plaintiff's instruction 2. The instructions referred to read as follows:

Plaintiff's Instruction No. 2

"You are instructed that though abstract ideas are common property freely available to all, what men forge out of these ideas with skill, industry, and imagination into concrete forms uniquely, their own, the law protects as private property."

Defendant's Requested Instruction No. 1

"When a plaintiff voluntarily divulges a mere idea and suggestion, whatever interest he had in it becomes common prop-

erty, and as such is available to the defendant."

Defendant's Requested Instruction No. 2

"You are instructed that the disclosing of an idea without solicitation and without the protection of a contract, express or implied in fact, creates no liability upon the beneficiary of said idea."

Defendant's Requested Instruction No. 3

"You are instructed that there is no property right in a system, devise, plan or scheme in the absence of confidential or contractual relations between the parties.

"A mere plan, suggestion or arrangement, even if it be original, is not the subject of property rights."

Our Supreme Court has held that a case should not be reversed for repetitious instructions "* * * unless it reasonably appears that the jury were misled." Reah v. Jupin, 68 Ariz. 335, 339, 206 P.2d 558, 561 (1949); and see Dubreuil v. Gardner, 99 Ariz. 312, 409 P.2d 23 (1965).

We have not been furnished with a transcript of the evidence of the trial in the lower court. We have only the vaguest concept of what "system" was devised by the plaintiff for the faster location of fires and have no knowledge whether there was any evidence presented to the jury as to which any of the above quoted instructions might have any pertinency. On appeal, the appellant has the burden of demonstrating to this court that there was error committed below and upon failure to do so, this court has no alternative but to affirm. Chemi-Cote Perlite Corporation v. Harborlite Corporation, 4 Ariz.App. 268, 419 P.2d 398 (1966). Accordingly, we find no prejudice by reason of the somewhat repetitious nature of the quoted instructions.

The last question presented for review is whether the trial court committed reversible error in giving "* * * conflicting and contradictory instructions * * *." The record[1] discloses that the

---

1. While no transcript of the evidence was furnished the court, a transcript of the objections to the jury instructions is a part of the record on appeal.

only objection made to jury instructions in the trial court which would have any bearing upon whether or not the instructions given were contradictory were: (1) the plaintiff objected to the giving of defendant's requested instruction No. 1, quoted supra, because " * * * it should have added to it 'in the absence of an indication that the Plaintiff discloses this for compensation or remuneration,' " and (2) as to defendant's requested instruction No. 6, the objection was that this " * * * instruction should have added to it 'which is not novel to the disclosee.' " In the absence of a transcript of evidence, we are unable to determine whether there was any evidence in the record to support the modifications to the instructions requested. There was no objection that the instructions were conflicting. Seeing no fundamental error nor any prejudice, we decline to reverse. Rule 51(a), Rules of Civil Procedure; Salinas v. Kahn, 2 Ariz.App. 181, 407 P.2d 120 (1965).

In the "argument" portion of appellant's opening brief, we find the assertion that count two of the complaint properly stated a claim for relief. The only legal authority cited in support of this argument is Davis, "The Requirement of a Trial-Type Hearing," 70 Harvard Law Review, p. 193; and Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952).

Neither of these authorities supports the contention that there is an actionable tort involved in the failing to promote an employee and in the transferring of an employee to undesirable duty, for ulterior motives. The article of Professor Davis in the Harvard Law Review, insofar as it concerns itself with employer-employee relationships, is directed at the discharge of a government employee for loyalty reasons (70 Harv.L.Rev. pp. 233–43). The decisions discussed therein, such as Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951), clearly indicate that the court's reason for the imposition of a constitutional restriction upon the right of the government employer to discharge an employee for disloyalty is by reason of the " * * * stigma attached to persons dismissed on loyalty grounds * * *."[2] The Wieman v. Updegraff decision, supra, has a similar concern:

"There can be no dispute about the consequences visited upon a person excluded from public employment on disloyalty grounds. In the view of the community, the stain is a deep one; indeed, it has become a badge of infamy."

344 U.S. at 190–191, 73 S.Ct. at 218.

Because the authorities cited by the appellant do not support his contention that count two properly stated a cause of action and because we do not consider the question of whether this count states a claim to be a "subsidiary question"[3] of any of the questions for review presented in the appellant's brief, we decline to pass upon whether the elements of an actionable tort have been stated in count two.[4] Neither do we find it necessary to pass upon the defendant's contention that the plaintiff did not exhaust his

---

2. Quote is from Cole v. Young, 351 U.S. 536, 546, 76 S.Ct. 861, 100 L.Ed. 1396 (1956), quoted at 70 Harv.L.Rev. 241.

3. "Rule 5. Briefs.
    "5(b) Appellant's brief; contents.
    *     *     *     *     *
    "7. The questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of the questions should be short and concise, should not be repetitious, and should not resemble in form or particularity the former assignments of error which are abolished by this amendment of Rule

5(b) 7. The statement of a question presented will be deemed to include every *subsidiary question* fairly comprised therein." (Emphasis added) Rule 5, Rules of the Supreme Court, 17 A.R.S.

4. Unless otherwise obligated by either statute or contract, a municipal corporation generally has the power to discharge an employee at will. 62 C.J.S. Municipal Corporations § 734, p. 1508; 35 Am.Jur. Master and Servant § 34, p. 469; and see City of Portland v. Garner, 226 Or. 80, 358 P.2d 495 (1960).

administrative remedies before the civil service commission prior to instigating this action.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.