446 P.2d 467

**STATE of Arizona, State Real Estate Department, Appellants,**

v.

**Fayette M. GRISWOLD and Mary C. Griswold, husband and wife, Appellees.**

**No. 2 CA–CIV 532.**

Court of Appeals of Arizona.

Oct. 29, 1968.

Darrell F. Smith, former Atty. Gen., Phoenix, Gary K. Nelson, Atty. Gen., by H. J. Lewkowitz, Sp. Asst. Atty. Gen., for appellants.

Krotenberg, Laber & Morrow, by Stanley Krotenberg, Tucson, for appellees.

KRUCKER, Judge.

State Real Estate Department appeals from an order of the superior court which provided that plaintiffs, Mr. and Mrs. Griswold, were entitled to payment on their claim against the Real Estate Recovery Fund, pursuant to A.R.S. § 32–2186 et seq., 10 A.R.S.

In April of 1964, plaintiffs entered into an agreement with the Lusk Corporation,

wherein it was agreed that the Lusk Corporation would construct a home on a certain lot and that plaintiffs would purchase this lot and home for a specified price. The full purchase price was paid in June of 1965, and on September 25, 1965, plaintiffs received a deed to the property.

Approximately three weeks later plaintiffs were served with various mechanics' and laborers' liens, and on October 27, 1965, plaintiffs commenced an action against the Lusk Corporation, its surety, and certain others, alleging that at the time the complaint was filed their property had been encumbered by the aforesaid liens to the extent of approximately $2,000 and alleging further that plaintiffs expected additional liens to be filed against their property so as to raise the total of the encumbrances thereon to the amount of $5,000. Plaintiffs' claim was based upon the Lusk Corporation's failure to pay the various contractors, pursuant to the purchase agreement with the plaintiffs.

In the meantime, the Lusk Corporation had been placed under the jurisdiction of the United States District Court in Tucson, pursuant to Ch. X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and on October 28, 1965, the U. S. District Court issued an order restraining the plaintiffs on proceeding against the Lusk Corporation in this action in the superior court of Pima County.

The superior court proceeding was then placed on the inactive calendar until February 20, 1967, when an order of the superior court once again put the case on the active docket.

On June 23, 1967, plaintiffs moved to sever the Lusk Corporation and its surety from the other defendants, and on July 7, 1967, two of the other defendants moved for summary judgment. The motion to sever was granted by minute entry on July 12, 1967, and on July 24, 1967, the two defendants' motion for summary judgment was granted by minute entry, written judgment being filed on August 8, 1967.

On July 26, 1967, plaintiffs obtained from the United States District Court a modification of the previous order, and, as modified, the order permitted plaintiffs to proceed against the Lusk Corporation in the superior court to judgment upon the condition that there will be no attempt to collect the said judgment by any proceeding of any nature from the trustee in bankruptcy or from the assets of the Lusk Corporation. On the same date, plaintiffs obtained a default judgment against the Lusk Corporation and its surety in the amount of $5,008.21, plus costs of $49.35. Also on the same day plaintiffs dismissed the only remaining defendant, aside from the Lusk Corporation and its surety, and this dismissal was with prejudice.

On July 28, 1967, plaintiffs filed a claim against the Real Estate Recovery Fund for the amount of their judgment against Lusk Corporation and its surety, and on August 4, 1967, the State filed a response to this claim.

On October 3, 1967, the surety Continental Casualty Company, filed an answer to plaintiffs' original complaint, more than two months after default judgment had been entered against it. This answer was followed by a confession of judgment by the surety in the amount of $2,500, and on November 22, 1967, judgment pursuant to said confession of judgment was entered in plaintiffs' favor. On the same day, plaintiffs filed a satisfaction of the November 22 judgment, acknowledging the receipt of $2,500 from the surety and assigning to the surety a $2,500 interest in its judgment against the Lusk Corporation.

In December, 1967, the matter of plaintiffs' claim against the Real Estate Recovery Fund was heard in the superior court of Pima County, and on January 16, 1968, judgment was rendered in plaintiffs' favor and against the State of Arizona in the amount of $2,557.56, the balance which remained unpaid on the judgment against the Lusk Corporation.

From this judgment, the State Real Estate Department has appealed on four is-

sues which we shall take in the order in which the State has raised them.

The first three issues raised by the State are as follows:

(1) That the trial court erred in its finding that the Lusk Corporation was acting as a broker in the transactions resulting in judgment against it.

(2) That the trial court erred in finding that plaintiffs had complied with all the statutory requirements of A.R.S. § 32–2188(c), 10 A.R.S.

(3) That the trial court erred in ruling that the State Real Estate Department was bound by the confession of judgment entered by Continental Casualty Company, the Lusk Corporation's surety.

There is no transcript before us of the proceedings in the trial court on plaintiffs' claim against the Real Estate Fund. A.R.S. § 32–2188 provides that the plaintiffs shall be required to prove certain things before an order may be made permitting plaintiffs to recover from the Real Estate Recovery Fund, and the first two of these issues raised by the State are essentially claims that the plaintiffs have failed to sustain this burden of proof. The third issue above complains of a ruling, supposedly made by the trial court, during the proceedings on plaintiffs' claim against the Recovery Fund.

There is nothing before this court, either by way of transcript, minute entry or otherwise, by which we would be able to determine these three issues.[1]

An appellate court, in its determination of cases before it, must confine itself to what is shown by the record and the necessary and reasonable inferences to be drawn therefrom, and the statements made by counsel in their briefs as to what occurred, or what might have occurred had the situation been different, will not be considered. Potter v. Home Owners' Loan Corp., 50 Ariz. 285, 72 P.2d 429 (1937).

"* * * on appeal the appellant has the burden of demonstrating to this court that there was error committed below and upon failure to do so, this court has no alternative but to affirm. * * *" Zuniga v. City of Tucson, 5 Ariz.App. 220, 223, 425 P.2d 122, 125 (1967).

In the case before us, a hearing was held and the trial court made an order in favor of the plaintiffs. There is nothing whatsoever in the record before us to indicate that the trial judge committed error as to these three issues in arriving at the result he reached, and since it is incumbent upon the appellant, here the State, to show that error was committed, we have "no alternative but to affirm." Zuniga v. City of Tucson, supra; Phoenix Finance Co. v. Culley, 7 Ariz.App. 393, 439 P.2d 840 (1968).

The last basis for this appeal by the State is that the trial court erred in fixing the amount of plaintiffs' award against the Real Estate Recovery Fund in that the order of the trial court permitted plaintiffs to recover costs of suit incurred in the process of obtaining their judgment against the Lusk Corporation.

A.R.S. § 32–2186, 10 A.R.S., provides as follows:

"A. The real estate board is authorized and directed to establish and maintain a real estate recovery fund from which any person * * * aggrieved

---

1. A.R.S. § 32–2101, as it read during the period in which the complained-of conduct occurred, included, as a "broker", one who:

* * * * * * *

"(i) Engages in the business of buying, selling, exchanging, leasing or renting of real estate on his own account and holding himself out as a full or part-time dealer in real estate." Laws of Arizona, 1963, ch. 89 § 1. (Note: This subsection does not appear in the 1967 amendment to this statute.) Thus, although the record is silent, we discern a justifiable theory by which the trial court could have concluded that Lusk Corporation was a broker.

by an act, representation, transaction, or conduct of a duly licensed real estate broker * * * which is in violation of the provisions of this chapter or the regulations promulgated pursuant thereto, may recover * * * for *only actual or compensatory damages sustained by the act, representation, transaction or conduct * * *.*" (Emphasis ours)

 The term "damages" is most generally classified as compensation for actual injury, Downs v. Sulphur Springs Valley Electric Co-op., Inc., 80 Ariz. 286, 297 P.2d 339 (1956), and "actual damages" and "compensatory damages" are generally treated as synonymous, being defined as damages given as an equivalent for the injury done, or damages awarded to a person as compensation, indemnity, or restitution for harm sustained by him. See, 25 C.J.S. Damages § 2; 22 Am.Jur.2d Damages § 11.

"Costs", on the other hand, have been defined as being:

"* * * in the nature of *incidental* damages allowed to indemnify a party against the expense of successfully asserting his rights in court." (Emphasis supplied) Harmon v. Pacific Tel. & Tel. Co., 201 Cal.App.2d 453, 20 Cal.Rptr. 118 (1962).

They are creatures of statute, and unless provided for by statute, they are not recoverable. Stewart v. Lee-Stewart, Inc., 5 Ariz.App. 216, 425 P.2d 118 (1967).

It is the opinion of this court that the legislature, by using the term "only actual or compensatory damages," did not intend that costs of suit which were made part of the judgment against the defaulting broker should be recoverable from the Real Estate Recovery Fund.

The undisputed amount of these costs was $49.35, and since their award was improper, the order of the trial court directing payment from the Recovery Fund to the plaintiff should be reduced in this amount, and, as modified, the order should direct payment to the plaintiff in the amount of $2,508.21.

As modified, the order of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.