542 P.2d 1138

William T. BARRY, Appellant,

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Appellee.**

No. 1 CA–CIV 3237.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 4, 1975.

William T. Barry, in pro per.

Bruce E. Babbitt, Atty. Gen., by James A. Tucker, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

Upon the filing of a civil appeal, this court conducts a preliminary review of the record in order to determine whether or not it has jurisdiction. *Van Baalen v. Superior Court*, 19 Ariz.App. 512, 508 P.2d 771 (1973); *Howard P. Foley Co. v. Harris*, 4 Ariz.App. 294, 419 P.2d 735 (1966). Such review in this case indicates that this court has no jurisdiction over the present appeal because of appellant's failure to timely perfect his appeal. Normally, such a matter would be disposed of merely by an unpublished order of the court, but as the particular point involved herein has arisen previously, we believe a published opinion would be appropriate to declare the proper rule and avoid confusion in cases of this type.

The record indicates that the judgment appealed from affirmed a decision of the Department of Economic Security denying appellant's claim for unemployment benefits. The judgment was entered on May 23, 1975. There were no post-judgment motions which would have extended the appeal time, and no cost bond or adequate substitute therefor has ever been filed.

Rule 73(b) Rules of Civil Procedure, 16 A.R.S., governs appeals in civil actions and requires a "bond for costs on appeal" to be filed within 60 days from the entry of the judgment appealed from. No such bond has been filed in this case, and the time for such filing has now expired.

On July 16, 1975, appellant filed in the trial court, but did not serve on opposing counsel, an untitled, unverified document in which he stated that he was without funds to furnish bond and asserted that no bond was required by virtue of A.R.S. § 23–683A.

■ This document is not an affidavit, was apparently never served on opposing counsel, and was never endorsed by the trial judge as approved or disapproved. As such, it does not meet the requirements of Rule 73(i) for an affidavit in lieu of bond, and therefore is not a satisfactory substitute for the required bond.

Appellant contends that no bond is required by virtue of A.R.S. § 23–683A which provides:

§ 23–683. Exemption of claimant from fees; approval required for counsel or agent fee; violation; penalty

"A. No individual claiming benefits shall *be charged fees* of any kind in a proceeding under this chapter by the department or its representatives or by a court or officer thereof." (emphasis added)

A.R.S. § 23–682, however, provides as follows:

§ 23–682. Right of appeal

"An aggrieved party may secure a review of a final judgment of the superior court made and entered under this chap-ter by appeal to the supreme court. The appeal shall be taken *in the manner provided by law for appeals from superior courts in civil actions.*" (emphasis added)

■ As previously noted, Rule 73(b) requires a "bond for costs on appeal" to be filed in order to perfect a civil appeal. "Costs on appeal" are specified in A.R.S. § 12–331 as "taxable costs" and include filing fees, abstract and brief printing, transcript costs and other specified expenses. "Costs" as used in this rule are basically incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court." *State v. Griswold,* 8 Ariz.App. 361, 446 P.2d 467 (1968). They are of course not "charged by a court", but rather are awarded to a prevailing party as part of the judgment, and are only collectible as any other money judgment. In *Hammons v. Waite,* 30 Ariz. 392, 247 P. 799 (1926), the Supreme Court held that the words "court fees or costs" in a statute exempting the state from the payment thereof did *not* mean *taxable costs* incurred by a litigant, but only payments required to be made into court or to the officers thereof. In *State v. Juengel,* 15 Ariz.App. 495, 489 P.2d 869 (1971), this court followed *Hammons v. Waite* in holding that the provisions of A.R.S. § 12–345 that "No court costs shall be charged" against the state did not prohibit the award of *taxable costs* against the state.

■ The same distinction must be made with respect to A.R.S. § 23–683. This section prohibits the *charging of fees,* such as a filing fee, by any court or officer thereof; it does not prohibit the imposition of *taxable costs* for authorized expenses normally allowable to a prevailing party as taxable court costs; nor does it prohibit the requirement of Rule 73(b) that security be given in advance for such costs in the form of a bond for costs on appeal. It is true that in this case the state is itself exempt from the payment of filing fees but since the bond for costs on appeal covers items other than filing fees, there may be

taxable costs against appellant if he loses. Therefore, the requirement of Rule 73(b) for a bond still applies, even in unemployment benefit cases.

Filing of the cost bond within 60 days after the entry of judgment is a jurisdictional requirement for the perfection of an appeal, and failure to file it on time deprives this court of jurisdiction except to dismiss the appeal. Rule 73(b), Rules of Civil Procedure 16 A.R.S.; *Marquez v. Rapid Harvest Co.*, 89 Ariz. 62, 358 P.2d 168 (1960); *Newland v. Fossey*, 2 Ariz. App. 394, 409 P.2d 314 (1966).

It is therefore ordered that this appeal is dismissed for lack of jurisdiction.

EUBANK, J., and HAIRE, Chief Judge, Division 1, concurring.