575 P.2d 830

**STATE of Arizona, Appellee,**

v.

**Gerald N. BARNES, Appellant.**

**No. 1 CA–CR 2389.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 21, 1978.

Bruce E. Babbitt, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Richard S. Berry, Tempe, for appellant.

## OPINION

WREN, Judge.

Appellant pled guilty to six counts of accepting a bet or wager for which he was sentenced to a term of not less than two years nor more than four years in the Arizona State Prison, the sentence on each count to run concurrently with the sentences on the remaining counts and all counts to run concurrently with federal prison terms to which appellant had been previously sentenced.[1]

A plea agreement was signed by appellant and by the State on September 16, 1976 and a change of plea hearing was held the same day. Also, at that time the matter was set for judgment and sentencing on October 18, 1976 before Judge Doyle. On September 24, 1976, the State filed a notice of change of judge. Appellant filed an objection to the notice for change of judge on October 11, 1976, claiming that the notice was untimely filed and that the provisions of the September 16 plea agreement[2] precluded the State from seeking a change of judge in that the latter had agreed to take no position on sentence. The trial court held that the notice of change of judge was timely filed and that its filing was not a violation of the plea agreement. Following the judgment of guilt and sentencing, appellant filed this appeal.

Appellant's first argument on appeal is that a notice of change of judge is untimely where filed after the entry of a plea of guilty.

Rule 10.2, Arizona Rules of Criminal Procedure, 17 A.R.S., governs the change of judge upon request in criminal proceedings and provides as follows:

"a. Entitlement. In any criminal case in Superior Court, any party shall be entitled to request a change of judge.

b. Procedure. At the time required for filing the omnibus hearing form, or with-

---

1. Appellant had been sentenced by the United States District Court in El Paso, Texas on August 30, 1976, to a term of five years on each of four counts of mail fraud, each term to run consecutively with the other terms.

2. The relevant portions of the plea agreement are as follows:

"*Terms*: On the following understandings, terms and conditions:

1. The crime to which the defendant will plead guilty carries a sentence no greater than 5 Years Arizona St. Prison Each Count and no less than Probation; Or 1 year—Each Count, the mandatory minimum (if any) is N/A, and the special conditions regarding sentence, parole or commutation imposed by statute (if any) are N/A. The parties stipulate to the following additional terms: State takes no position on sentence . . ."

in 10 days after a case is first assigned to a judge, a party may exercise his right to a change of judge by noting the request on the Omnibus Hearing Form or by filing a pleading entitled 'Notice of Change of Judge' signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for change of judge entering upon the record the date of the request and the name of the party requesting. Assignment to another judge shall be made in accordance with the provisions of this rule."

Appellant argues, citing *State v. Tatkenhorst*, 103 Ariz. 156, 437 P.2d 948 (1968), which is a case decided under former Rule 199,[3] Arizona Rules of Criminal Procedure, 17 A.R.S., that the spirit of the rule has not changed, and that its purpose is to assure a defendant an unbiased jurist in determining the merits of the action; and that once a guilty plea has been entered there are no more merits to be determined. Consequently, the argument continues, there no longer being any merits of the case to resolve, any notice of change of judge filed after the entry of a guilty plea is untimely.

The holding in *State v. Tatkenhorst*, contrary to the position maintained by appellant, was that a defendant has the right to file an affidavit of bias and prejudice against a court after the entry of a guilty plea and before judgment and hearing on mitigation of sentence. Moreover, the specific wording of Rule 10.2 permits a notice of change of judge to be filed within ten days after that judge has been assigned to the case with no distinction being made on the basis of whether a guilty plea may have been entered. This being the case, the reasoning in *Tatkenhorst*, that a litigant is entitled to an impartial judge at any and all stages of the proceeding, is just as valid under the new rules as under the old.

■ Appellant's timeliness argument is unaided by his contention that the State

knew of the assignment to Judge Doyle prior to the change of plea hearing on September 16. The record below is devoid of any such knowledge and we cannot speculate on what the record might have been had it been brought before us. *State v. Fassler*, 108 Ariz. 586, 503 P.2d 807 (1972); *State v. Cutting*, 15 Ariz.App. 311, 488 P.2d 667 (1971). We therefore hold that the State's notice of change of judge was timely filed.

Appellant's next argument is that the State violated the terms of the plea agreement when, knowing at the time of entry into the plea agreement that the case had been assigned to Judge Doyle for sentencing, the State filed its notice of change of judge.

■ As stated above there is no evidence in the record that either party knew prior to the September 16 change of plea hearing that this case had been assigned to Judge Doyle for sentencing. We must therefore presume that the State at least did not have this knowledge. *State v. Bojorquez*, 111 Ariz. 549, 535 P.2d 6 (1975). Moreover, the agreement itself did not touch on the question of the sentencing court.

We are left, then, with the remaining question, whether the State's agreement to take "no position on sentence" was violated by its filing the change of judge notice after the entry of the guilty plea when the only matter left to be resolved was the imposition of sentence.

Appellant refers us to *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) for the proposition that once the State agrees to make no recommendation on sentencing, any recommendation thereafter made constitutes reversible error. In *Santobello*, a new prosecutor, unaware of the term in the plea agreement that the State would make no recommendation as to sentence, recommended that Santobello be given a maximum sentence. In the instant case, however, the State made no comment

---

**3.** Former Rule 199 provided as follows:

"The application for change of judge shall be made at least three days before the date the action is called for trial unless the disqualifica-

tions were not known before the three day period in which event such fact shall be set forth in the affidavit of disqualification."

whatever concerning the nature or term of sentences to the sentencing judge. We would interpret such silence to be in full compliance of its agreement to take no position on the sentences to be meted out. The prosecution did not renege on its sentencing agreement.

Nor can we assume that the disqualification of Judge Doyle related solely to his sentencing practices. Upon entering a plea of guilty, a criminal defendant has a right to an impartial judge to enter judgment and to pass sentence. *State v. Neil*, 102 Ariz. 110, 425 P.2d 842 (1967). However, the right to an impartial judge does not include the right to a judge of one's own choosing. *Cf. Zuniga v. City of Tucson*, 5 Ariz.App. 220, 425 P.2d 122 (1967). Moreover, the State has an equal right with appellant to an impartial court. Rule 10.2, Rules of Criminal Procedure, 17 A.R.S. We cannot assume that appellant's charge as to Judge Doyle's leniency in sentencing to be true, but even if we were to make such an assumption, fairness would dictate that the State, as well as appellant, would have the right to timely file a notice of change of judge under Rule 10.2.

Judgments and sentences affirmed.

EUBANK, P. J., concurs.

JACOBSON, Judge, dissenting:

I must dissent from that portion of the majority opinion which holds that a plea agreement providing that the "State takes no position on sentence" is not violated by the state's motion to change the sentencing judge, when that judge becomes known to the parties.

To adequately understand this issue, it must be pointed out that during the period of time that the defendant was involved in the criminal process in Maricopa County (September and October, 1976), the Maricopa County Superior Court, Criminal Division, was operating under a centralized calendar. This simply meant that more than one judge would be involved in the procedural steps culminating in termination of the criminal prosecution. Thus, the defend-

ant might have Judge A handling his arraignment, Judge B handling his suppression hearing, Judge C handling his change of plea and Judge D handling his sentencing. Apparently, the judges themselves rotated in and out of the various procedural functions on a monthly basis.

Under this system, the defendant appeared in September, 1976 before Judge Heineman for his change of plea. Following acceptance of his change of plea and determination of guilt, Judge Heineman set sentencing for October 18, 1976. Judge Doyle had the sentencing duty for October. The majority is correct that the record is silent as to whether on September 16, 1976, when the plea agreement was entered into, the parties were aware that Judge Doyle would be the sentencing judge in October. I am unable, however, to indulge in the same presumption as that of the majority, that is, that the state had no knowledge that Judge Doyle would be the sentencing judge in October. In view of the apparent regularity of rotation of judges among the various procedural functions, if presumptions are going to be made, I would have to presume that the parties in September knew who the sentencing judge would be in October.

However, this prior knowledge or lack thereof is not, in my opinion, material. What is material is whether upon learning the identity of the sentencing judge, the state by exercising its admitted right to change the sentencing judge thereby took a "position on sentence."

In this regard, I likewise deem immaterial whether in fact Judge Doyle's sentencing practices were lenient. Again, what is material, is whether the state so conceived them. The majority has passed over this important aspect by concluding that "nor can we assume that the disqualification of Judge Doyle related solely to the sentencing practices." However, the allegation is made and supported that the state removed Judge Doyle because of these sentencing practices. The state does not deny this allegation or contend that Judge Doyle was removed for any other reason. In fact, the

state concedes as much by arguing that "the state could only be charged with violating the terms of the plea agreement here with regard to sentencing recommendations if it had agreed not to exercise its right to a peremptory challenge."

I therefore must conclude from the record and argument before this court that the sole reason the state sought removal of Judge Doyle from his sentencing duties in this case is because of the state's conception of Judge Doyle's sentencing practices.

As previously indicated, the question then becomes whether the state "takes a position on sentencing" when it causes the judge to be removed because of his sentencing practices. To state the proposition is to give its answer. However, the majority apparently buys the state's "Please Don't Eat the Daisies" argument, that is, that since the state did not specifically agree not to change the judge, and since, at time of sentencing, no recommendation was voiced, "the prosecution did not renege on its sentencing agreement."

In my opinion, this approach ignores the realities of the sentencing process. If I, as a prosecutor, have Judge Roy Bean as the sentencing judge, I don't need to take a position or make recommendations as to sentencing. Conversely, if I, as a prosecutor, take overt action to assure that a Judge whom I view as having lenient sentencing philosophies, does not pass sentence, I have, in my opinion, taken a position on sentencing.

In my opinion, where the state for no other given reason than the sentencing practices of a particular judge, seeks his removal, it has effectively taken a position on sentencing. I would therefore hold that the state's agreement to not take such a position has been breached and consequently the defendant must be relieved of his obligations under that agreement, that is, his plea of guilty.

I would set aside the guilty plea and remand for further proceedings.