654 P.2d 53

**STATE of Arizona, Appellee,**

v.

**Teldoro R. MARTINEZ, a/k/a Teodoro R. Martinez, Appellant.**

**No. 1 CA–CR 5599.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 4, 1982.

Robert K. Corbin, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

OPINION

BROOKS, Judge.

This is an appeal by defendant/appellant Teldoro R. Martinez from convictions for the crimes of burglary in the third degree, a class 5 felony in violation of A.R.S. § 13–1506, and theft of property with a value of more than one thousand dollars, a class 3 felony in violation of A.R.S. § 13–1802. The following issues have been presented for review:

1. Did the trial court err in denying defendant's motion to suppress evidence on the grounds that a United States Border Patrol agent had insufficient articula-

ble facts upon which to stop the vehicle in which defendant was a passenger?

2. Were appellant's fingerprints obtained as a result of an unlawful arrest?

3. Did the trial court err in denying appellant's request that the judge who presided over his trial be the judge who imposed his sentence?

4. Did the trial court err in imposing consecutive sentences?

The facts relevant to our determination are as follows. On March 22, 1981, an employee at a business in Phoenix, Arizona discovered that the business had been burglarized and that materials valued at approximately $10,000 and a crew-cab truck valued at approximately $15,000 had been taken.

On March 25, 1981, at approximately 3:00 a.m., three United States Border Patrol agents were on roving patrol duty near the Mexico-United States border station at Andrade, California. At this time, the agents observed a crew-cab truck approximately ¾ of a mile north of the border station which was traveling toward the station. Approximately 15 minutes later, the agents saw the same vehicle traveling north away from the border station. The vehicle was stopped for the purpose of investigating border violations and the defendant and another occupant of the vehicle were later taken into custody.

Defendant initially contends that the vehicle was unlawfully stopped and that, accordingly, the evidence which was obtained as a result of this stop should have been suppressed.

The United States Supreme Court set forth the general rule as to roving border patrols in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85, 95 S.Ct. 2574, 2582, 45 L.Ed.2d 607 (1975):

> Except at the border and its functional equivalents, officers on roving patrol may stop vehicles only if they are aware of specific articulable facts, together with the rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country.

> Any number of factors may be taken into account in deciding whether there is a reasonable suspicion to stop a car in the border area. Officers may consider the characteristics of the area in which they encounter a vehicle. Its proximity to the border, the usual patterns of traffic on the particular road, and previous experience with alien traffic are all relevant.... Aspects of the vehicle itself may justify suspicion.... [citations omitted.]

*See also State v. Castro*, 27 Ariz.App. 323, 554 P.2d 919 (1976).

When asked why he stopped defendant's vehicle, Agent Stephen A. Maxon testified as follows:

> Because of the fact that the port was closed; no one would have had any legitimate business in that area at that time of night; the fact that it is a notorious smuggling area, large numbers of aliens are smuggled out of that area daily. And those two factors combined with the time of day and the fact that the vehicle itself was what we would call a profile vehicle, in that it was capable of carrying a fairly large number of aliens. If that in fact was what the driver had in mind, he could have been able to conceal as many as a dozen aliens in that truck.

■ We hold that the trial court did not err in finding that these were sufficient articulable facts from which the agents could conclude that the vehicle or its occupants had crossed the border illegally. Accordingly, the trial court did not err in denying defendant's motion to suppress the evidence which was obtained as a result of this stop.

Defendant next argues that there was no probable cause for his arrest and that, accordingly, the fingerprints which were obtained as a result of that arrest should have been suppressed by the trial court.

■ We find from our review of the record that this argument was never presented to the trial court. Appellate courts will review only those matters which appear in the records of the trial court. *State v.*

*Caldwell,* 117 Ariz. 464, 573 P.2d 864 (1977); *State v. Wilson,* 95 Ariz. 372, 390 P.2d 903 (1964). In this regard, the record reveals that a voluntariness hearing and a hearing on defendant's motion to suppress occurred prior to trial. The only evidence presented was the testimony of the border patrol agents concerning the reasons for the vehicle stop and the questioning which occurred after the stop.

Agent Maxon testified that when he looked into the cab of the truck, he observed that the defendant was sitting on a .22 revolver and that the barrel of the revolver was visible. Agent Maxon reached in the cab and grabbed the gun and asked the defendant to step outside where he was questioned. The only question asked by defense counsel regarding the subsequent arrest was as follows:

Q. Was my client turned over to the Imperial County Sheriff's Office at the scene of the stop?

A. I wouldn't characterize it as being turned over. As far as I was concerned, in my own mind he was free to go from the time that we stopped that vehicle. After I myself determined that I could not break his story about being from Puerto Rico, I had nothing that I wanted to detain him for.

In his argument to the trial court, defense counsel argued that there were insufficient grounds upon which the vehicle could be stopped for investigation of border violations and that the statements made by the defendant after he had been found sitting on the revolver were involuntary because they were made without *Miranda* warnings. No evidence was presented and no argument was made regarding the subsequent arrest of the defendant.

The trial court ordered that the defendant's motion to suppress based on the illegal stop be denied but that the statements made by the defendant subsequent to his being found sitting on the revolver be suppressed.

█ It is well-established law in Arizona that asserted error in the admission of evidence cannot be raised for the first time on appeal unless the error was fundamental. *State v. Tacho,* 113 Ariz. 380, 555 P.2d 338 (1976). The record is completely devoid of evidence of the defendant's arrest. We find no error in this regard.

Finally we address the defendant's contention that he had a right to be sentenced by the judge who presided at his jury trial. The jury trial in this matter was held before Maricopa County Superior Court Judge Robert L. Myers. Judge Myers scheduled sentencing for September 3, 1981. On that date the defendant appeared and found Judge Morris Rozar prepared to impose sentence. There is no indication in the record as to why Judge Myers did not appear as the sentencing judge. When asked whether there was any legal cause why sentence should not be pronounced, defense counsel responded that he knew of no legal cause; however, the defendant stated:

Well, I do. I don't want you to sentence me. I want the Judge that started the whole thing with my jury and—

The defendant was interrupted at this point by Judge Rozar who stated that he knew of no legal authority for this request. When counsel for the state and the defendant indicated that they knew of no authority against proceeding, presumptive sentences of two years for the burglary conviction and five years for the theft conviction were pronounced with the sentences to run consecutively.

On appeal, the defendant relies on Rule 10.2, Rules of Criminal Procedure, 17 A.R.S. and *State v. Barnes,* 118 Ariz. 200, 575 P.2d 830 (1978), in arguing that he had an absolute right to a change of judge. We find that this authority is inapplicable to the present case because the defendant was not merely requesting a *change* of judge; he requested that the specific judge who tried his case impose his sentence. Our research has disclosed the following rule:

The presiding judge, with the advice and assistance of the judges of the criminal divisions, shall submit to the Supreme Court for approval local rules setting forth the operational details of the crimi-

nal divisions. The local rules may provide for the retention of the other divisions of specific cases which by reason of their complexity or problems with the sixty day rule could best be handled in said divisions. *The judge trying a criminal case shall impose the sentence.* All defendants entering guilty pleas shall be sentenced by a judge of the criminal divisions. [Emphasis supplied.]

Rule XVI(e)(3) (Rules Relating to Maricopa County), Uniform Rules of Practice of the Superior Court, 17A A.R.S.

■ This rule clearly indicates that the defendant had a right to request that the judge who tried his case impose the sentence. Accordingly, we hold that the matter must be remanded for resentencing before the Honorable Robert L. Myers. This decision is further supported by the fact that the defendant testified on his own behalf, and that the presentence report, on which Judge Rozar relied in imposing sentence, was obviously prepared for use by the trial judge. In this regard, the report stated:

> Due to the fact that the court has heard the testimony and examined the evidence in this case as a result of jury trial, only the above short synopsis will be furnished to the court concerning the defendant's involvement in the instant offense.

Because we remand the matter for resentencing, we need not address the argument concerning the propriety of consecutive sentences.

The convictions are affirmed, the sentences imposed are vacated and the matter is remanded for resentencing before the Honorable Robert L. Myers.

JACOBSON, P.J., and CONTRERAS, J., concur.