930 P.2d 1324

**STATE of Arizona, Appellee,**

v.

**Anthony Steven GEOTIS, Appellant.**

**No. 1 CA–CR 94–0721.**

Court of Appeals of Arizona,
Division 1, Department D.

Dec. 12, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Colleen L. French, Assistant Attorney General, Phoenix, for Appellee.

Anthony Steven Geotis, Winslow, In Pro. Per.

## OPINION

THOMPSON, Judge.

Anthony Steven Geotis (defendant) appeals his conviction and sentence for possession of marijuana for sale, a class 3 felony enhanced by one prior felony conviction. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 1992, a Department of Public Safety officer stopped defendant for speeding on Interstate 10. The officer discovered that defendant had an outstanding warrant for failure to appear. Defendant was placed under arrest. During the subsequent search of defendant's car, the officer found approximately three pounds of marijuana packaged in plastic bags. He also found a pager, a club fashioned from a closet rod, a water pistol painted to look like a semi-automatic handgun, and $922 cash. A fingerprint analyst testified that defendant's latent prints were found on a bag of marijuana.

Defendant absconded prior to the jury verdict. The jury found him guilty and subsequently determined that he had one prior felony conviction. Defendant was apprehended in 1994 and was sentenced to an enhanced, presumptive term of 7.5 years imprisonment. Defendant filed a timely notice of appeal and raises the following issues:

1. Whether the prosecution was barred by the double jeopardy guarantees of the United States and Arizona constitutions;
2. Whether trial counsel rendered ineffective assistance;
3. Whether the trial court erred in instructing the jury on accomplice liability;
4. Whether fundamental error occurred when hearsay was admitted at trial;
5. Whether the trial court erred in denying a *Willits* instruction;
6. Whether the prosecutor committed misconduct during closing argument.

## DISCUSSION

### I. *Double Jeopardy*

During trial, the arresting officer testified that he seized the cash found in the vehicle because he believed it was proceeds of marijuana sales. In the course of argument on jury instructions, the prosecutor stated that the cash had not been introduced at trial because it had been forfeited. Although the issue was never raised at trial, defendant contends that the prosecutor's reference to the civil forfeiture of cash established that he was previously "punished" for this offense and that subsequent prosecution violated the double jeopardy guarantees of the United States and Arizona constitutions. *See* U.S. Const. amend. V; Ariz. Const. art. 2, § 10.

■ We agree with defendant that the failure to raise a double jeopardy claim in the trial court does not necessarily result in waiver of that issue. *State v. Millanes,* 180 Ariz. 418, 421, 885 P.2d 106, 109 (App.1994). It is true that, in most cases where such a claim is raised for the first time on appeal, the record would be insufficient to demonstrate fundamental error requiring reversal. As the state points out, apart from the brief references to forfeiture by the arresting officer and by the prosecutor, the record contains no evidence regarding the existence or the scope of any forfeiture proceedings prior to trial. *See State v. Martinez,* 134 Ariz. 119, 121, 654 P.2d 53, 55 (App.1982) (court of appeals found no fundamental error in admission of statements after allegedly illegal arrest where record contained no evidence or argument regarding arrest).

■ However, in spite of the sketchy record, we are able to address this claim and resolve it against defendant. While this appeal was pending, the United States Supreme Court held in *United States v. Ursery,* — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), that civil forfeiture under federal statutes does not constitute "punishment" for purposes of the Fifth Amendment's double jeopardy clause. Considering the relevant statutes, Ariz.Rev.Stat.Ann. (A.R.S.) §§ 13–3413, 13–4301 to –4315 (1989), as amended by Laws 1994, ch. 219, we conclude that the civil forfeiture of $922 seized at the time of defendant's arrest pursuant to Arizona's forfeiture statutes did not constitute punishment under the two-part test set out in *Ursery.*

Under *Ursery,* we must determine whether Arizona forfeiture proceedings, nominally "civil," are "so punitive in form and effect as to render them criminal" for purposes of double jeopardy analysis. *Ursery,* — U.S. at —, 116 S.Ct. at 2148. We have previously held that civil forfeiture is remedial, not punitive, in nature. *Matter of $10,098 in United States Currency,* 175 Ariz. 237, 240, 854 P.2d 1223, 1226 (App.1993). In *Ursery,* the Supreme Court found that the federal forfeiture statutes serve "important nonpunitive goals." *Ursery,* — U.S. at —, 116 S.Ct. at 2148. These goals include encouraging property owners to properly manage

their property and ensure that it is not used for illegal purposes. *Id.* Similarly, A.R.S. § 13–3413(A) allows the forfeiture of certain items "used or intended for use in violation of" the state's drug laws. This statute clearly embodies the same goals as the federal statutes in *Ursery.*

The Supreme Court also considered four other factors significant to this inquiry. First, the court noted that "civil forfeiture has not historically been regarded as punishment, as we have understood that term under the Double Jeopardy Clause." *Id.* at —, 116 S.Ct. at 2149. Second, there is no requirement that the government prove scienter to accomplish forfeiture of the property. *Id.* Third, although the statutes serve a deterrent purpose, deterrence serves the goals of both civil and criminal proceedings. *Id.* Fourth, even though the forfeiture statutes are tied to criminal activity, this is insufficient to render the forfeiture punitive. *Id.* That forfeiture has some connection to a criminal violation does not provide the "clearest proof" necessary to establish that a proceeding is criminal. *Id.*

We conclude that these other considerations articulated by the Supreme Court also support the conclusion that Arizona civil forfeiture proceedings are not "criminal" in nature for purposes of double jeopardy analysis. As a result, the forfeiture of cash alleged by defendant fails to qualify as punishment under *Ursery's* two-part test and thus presents no double jeopardy violation under the Fifth Amendment. And, because the double jeopardy guarantee of the state constitution is construed consistently with its federal counterpart (as defendant recognizes), *see Quinton v. Superior Court,* 168 Ariz. 545, 550, 815 P.2d 914, 919 (App.1991), *cert. denied,* 503 U.S. 920, 112 S.Ct. 1295, 117 L.Ed.2d 518 (1992), *Ursery* is dispositive of that claim as well.

## II. *Ineffective Assistance of Counsel*

■ Defendant argues that trial counsel rendered him ineffective assistance when he conceded that (1) a statement made by defendant following his arrest was admissible despite the absence of warnings under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694 (1966); (2) defendant's fingerprints were present on the marijuana bags; and (3) defendant possessed marijuana. These claims are properly raised under Rule 32, Ariz.R.Crim.P. *See State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989).[1]

### III. *Accomplice Instruction*

During deliberations, the jury submitted a note to the trial judge asking: "Does guilty of possession of marijuana for sale as charged mean that he personally has to sell it or intend to sell it himself?" The trial judge responded with an instruction defining accomplice liability.[2] Defendant complains that the court erred in giving this instruction because it was unsupported by the evidence.

We disagree. An instruction on accomplice liability should only be given if it is reasonably supported by the evidence. *State v. Lang*, 176 Ariz. 475, 486, 862 P.2d 235, 246 (App.1993). Defendant told the arresting officer that the car he was driving was owned by another person. He also told the officer that the marijuana did not belong to him, and expressed concern that the car might be forfeited if the owner's fingerprints were found on the bags of marijuana. Defendant had the same California address as the car's owner. These facts reasonably supported the accomplice instruction because

they permitted an inference that defendant was assisting another person's possession of marijuana for sale by transporting and safeguarding it for him.

### IV. *Admission of Hearsay*

Defendant argues that fundamental error occurred when the arresting officer testified about finding the cash, club, water pistol and pager inside defendant's car. He argues that, because the state did not introduce these items in evidence, the officer's testimony amounted to "hearsay" and violated the confrontation clause. *See* U.S. Const., amend. VI. This argument is frivolous. *See* Ariz.R.Evid. 801(c) (" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

### V. *Denial of Willits Instruction*

Defendant asserts that the trial court erred in denying his request for an instruction, derived from *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964), regarding the state's failure to preserve the cash, pager, club, and water pistol for his use at trial. A defendant is entitled to a *Willits* instruction where "(1) the state failed to preserve accessible material evidence that might have been exculpatory, and (2) there was resulting prej-

---

1. The state argues that the first of defendant's claims may be resolved against him under the "limited exception," stated in *Carver*, allowing this court to determine on appeal "that the ineffective assistance claim is meritless." *Id.* At issue is defendant's statement, "Oh, God, it's mine, but it's not for—I'm not selling it. It's just for personal use." At the voluntariness hearing, the arresting officer testified that he asked about the contents of a shopping bag inside the car and defendant said that it contained trash. The officer looked inside the bag, tipped it toward defendant, and said, "Yes, it looks like trash to me." Defendant then made the incriminating remark.

   The state argues that the statement was "volunteered" and therefore admissible in the absence of *Miranda* warnings. However, interrogation prohibited in the absence of *Miranda* warnings includes "any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *State v. Montes*, 136 Ariz. 491, 493, 667 P.2d 191, 193 (1983) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100

S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980)). Confronting defendant with evidence of a crime may amount to interrogation under this standard. *See Montes*, 136 Ariz. at 494, 667 P.2d at 194. Because defendant's trial counsel conceded the admissibility of the statement without exploring this issue, we are unable to conclude the issue lacks merit.

2. The court reporter lost her notes of the court's instruction to the jury. On appeal, the parties agree that the following instruction was given:

   A person may be guilty of an offense committed by such person's own conduct or by the conduct of another.
   A person is criminally accountable for the conduct of another if the person is an accomplice of such other person in the commission of an offense.
   An accomplice is a person, who with the intent to promote or facilitate the commission of an offense aids, counsels, agrees to aid or attempts to aid another person in planning or committing the offense.

udice." *Lang*, 176 Ariz. at 484, 862 P.2d at 244 (citing *State v. Hansen*, 156 Ariz. 291, 295, 751 P.2d 951, 955 (1988)). A trial judge's decision to deny the instruction will be upheld absent an abuse of discretion. *Id.*

The trial judge did not abuse his discretion when he denied the requested instruction. The investigating officer testified that he did not seize the pager, club, or water pistol as evidence, but instead left those items in the car defendant was driving. The car, which did not belong to defendant, was impounded. According to the officer, property left in an impounded car may be retrieved by its owners. Thus, even if the items were potentially exculpatory, there was no showing that they were rendered inaccessible to defendant for his later use.

The cash was seized by police. Defendant argued that, because the cash was not preserved, he lost the opportunity to subject it to fingerprint analysis. However, this argument did not support a *Willits* instruction because the absence of defendant's fingerprints on the currency would not have tended to prove his innocence. *See State v. Torres*, 162 Ariz. 70, 76, 781 P.2d 47, 53 (App.1989) (*Willits* instruction properly denied despite argument that fingerprints possibly were destroyed). Moreover, denial of the instruction was non-prejudicial in light of the fact that defendant's fingerprints were found on a bag containing marijuana.

## VI. *Prosecutorial Misconduct*

During closing argument, the prosecutor referred to the arresting officer's testimony that defendant appeared unconcerned about the seizure of cash found in the car and on his person. The prosecutor argued:

> But why would the defendant be unconcerned he was taking the money? Well, simply because the defendant can always sell more drugs.

Defense counsel moved for a mistrial, arguing that the remark alluded to an uncharged "bad act." The trial judge denied the motion, ruling that the argument was a permissible inference from the evidence.

Motions for mistrial based on prosecutorial misconduct are subject to the trial court's discretion, which will not be disturbed on appeal unless plainly abused. *State v. Bolton*, 182 Ariz. 290, 307, 896 P.2d 830, 847 (1995). When faced with a claim of misconduct, we must determine whether "counsel's actions were 'reasonably likely to have affected the jury's verdict, thereby denying defendant a fair trial.'" *Id.* (quoting *State v. Cornell*, 179 Ariz. 314, 328, 878 P.2d 1352, 1366 (1994)).

The prosecutor's argument was improper and the trial court erred in failing to sustain an objection to it. Evidence at trial, including expert testimony about the practices of marijuana sellers, supported the inference that defendant possessed the marijuana found inside the car for the purpose of sale. However, the prosecutor's suggestion that defendant would continue to sell marijuana was improper because it was irrelevant to the charged offense and because it amounted to a comment on defendant's character, prohibited by Ariz.R.Evid. 404. *See State v. Eisenlord*, 137 Ariz. 385, 394, 670 P.2d 1209, 1218 (App.1983) (error for prosecutor to argue that defendant had "predisposition to commit a crime").

The error does not require reversal. In light of evidence that defendant admitted knowledge of the marijuana in the car, and that his fingerprints were found on the marijuana packaging, we cannot find that the isolated remark of the prosecutor was reasonably likely to have affected the guilty verdict.

Defendant's conviction and sentence are affirmed.

FIDEL and TOCI, JJ., concur.