122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Troy Albert RICE, Petitioner-Appellant,
v.
Frank DAWLEY; Charles Sabalos; and Grant Woods,
Respondent-Appellees.
 No. 96-17334.
 United States Court of Appeals, Ninth Circuit.
 Submitted on July 16, 1997**
Decided Aug. 20, 1997.
 
 1
 Appeal from the United States District Court District of Arizona, No. CV-95-337-TUC-WDB; William D. Browning, District Judge, Presiding.
 
 
 2
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge***
 
 
 3
 MEMORANDUM*
 
 
 4
 Troy Rice ("Rice") appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rice claims that forfeiture actions taken against him by the State of Arizona pursuant to the Arizona Racketeering Statutes, A.R.S. § 13-2301 et seq., preclude, under the Double Jeopardy Clause, his subsequent prosecution for violating various provisions of the Arizona Criminal Code regarding controlled substances. The district court's denial of Rice's petition for writ of habeas corpus is affirmed.
 
 
 5
 The application of the Double Jeopardy Clause in this case is an issue of constitutional law that is reviewed de novo. United States V. Goland, 897 F.2d 405, 408 (9th Cir.1990).
 
 
 6
 This court finds Rice's appeal foreclosed by the United States Supreme Court's decision in United States v. Ursery, --- U.S. ---, 116 S.Ct. 2135 (1996). Arizona's racketeering statutes, A.R.S. § 13-2301 et seq., specifically section 2314, provide civil remedies for violations of the statute. Section 2314 allows the Arizona Superior Court to issue certain orders prior to a determination of liability under the statue. See sections 2314(B) and (C). Of the orders that may be issued under section 2314(C), forfeiture, as prescribed in Chapter 39 of Title 13, is included as a remedy for violation of this statute. See sections 2314(D)(6) and 2314(G). Chapter 39 includes the statutes governing forfeiture that are to be applied in the present case.
 
 Section 2314(L) clearly states
 
 7
 A civil action authorized by this section, including proceedings pursuant to chapter 39 of this title, is remedial and not punitive and does not limit and is not limited by any other previous or subsequent civil or criminal action under this title or any other provision of law. Civil remedies under this title are supplemental and not mutually exclusive.
 
 
 8
 (emphasis added). Based on the language of section 2314(L) and on Corbin v. Pickrell, 667 P.2d 1304, 1311 (Ariz.1983) and Rhue v. Dawson 841 P.2d 215 (Ariz.Ct.App.1992), it is clear that the legislature intended proceedings brought pursuant to Title 13 to be civil in nature.
 
 
 9
 This court is aided by State v. Geotis, 930 P.2d 1324 (Ariz.Ct.App.1996) (holding that the civil forfeiture of $922.00 seized at the time of Geotis's arrest pursuant to Arizona's forfeiture states did not constitute punishment under the two-part test set out in Ursery ) and In re Parcel of Real Estate Property Known as 1632 N. Santa Rita, Tucson, 801 P.2d 432 (Ariz Ct.App.1990) (holding that the Arizona Racketeering Statute is remedial rather than punitive in nature), in determining that this Arizona statutory scheme is not so punitive as to render it criminal for double jeopardy purposes.
 
 
 10
 The district court's denial of habeas corpus is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3