NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE JESUS ROMAN, JR., *Petitioner*.

No. 1 CA-CR 16-0376 PRPC
FILED 7-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-430684-001 DT
The Honorable Jeffrey A. Rueter, Judge

**GRANT REVIEW; DENY RELIEF**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Appellee*

Jose Jesus Roman, Jr., Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**C R U Z**, Judge:

¶1　　　　Petitioner Jose Jesus Roman, Jr., petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2　　　　Roman pled guilty to one count of molestation of a child, with a stipulation to the Arizona Department of Corrections (range of 17-24 years), and two counts of attempted molestation of a child, with a stipulation to lifetime probation on both counts. The remaining nine counts were to be dismissed. Roman was sentenced to 18 years in the Department of Corrections, and lifetime probation as to the two attempt counts.

¶3　　　　Roman, represented by counsel, filed a timely petition for post-conviction relief. The court summarily dismissed the petition. Roman then filed this timely petition for review re-asserting his claims of prosecutorial misconduct at the settlement conference, change of plea hearing and sentencing, ineffective assistance of counsel for not being prepared at the settlement conference in responding to assertions made at the settlement hearing by the court and the State, and by not filing a motion to "have Defendant's statements suppressed." Finally, Roman claims that the court intimidated him into taking the plea, and incorrectly took the victim's age into consideration as an aggravating factor at the time of sentencing.[1]

¶4　　　　The record provides no support for the claims of prosecutorial misconduct. Most of his allegations are conclusory, subjective, and unsupported by any facts or affidavits of third parties with personal knowledge. The State indicated that victim's rights had been complied with regarding the plea, and explained the plea, and

---

[1]　　　Roman adds claims not contained in his original petition presented to the superior court. We do not address these. A party may not supplement the record with any matters not first considered by the superior court. *See State v. Martinez*, 134 Ariz. 119, 120, 654 P.2d 53, 54 (App. 1982) ("Appellate courts will review only those matters which appear in the records of the trial court."); *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980) (reviewing court may not consider issues "never . . . presented to the trial court for its consideration.").

negotiations leading to the plea in great detail at the settlement conference. Roman acknowledged the plea was a great benefit. The State did warn that *if* Roman initiated contact with the victim through third parties that she would consider that in her recommendation at sentencing, but made it clear that she was not holding earlier third-party communications against him. This does not rise to the level of a threat and there is no evidence of prejudice. A plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982). At the plea proceeding, Roman avowed to the court his plea was voluntary and not the result of any force or threats.

¶5        Roman's claims of misconduct by the State regarding victim's rights and the failure to present the victim's position on the plea, or at sentencing, are unsupported by the facts and contradicted by the record. The victim was present either in the court or outside the court during the plea proceeding. The State indicated victim's rights had been complied with. At sentencing, the State indicated that the victim decided not to be present in person, and read a statement from the victim, who was aware of the State's recommendation of 24 years in prison. This is her right. *See* Ariz. Rev. Stat. § 13-4428(A)-(B) (2010 & Supp. 2016). The victim stated she did not feel like Roman "has remorse for what he's done to me." The State was well within its authority to argue regarding Roman's law-enforcement background and for an aggravated sentence. There is no factual support for Roman's claims of overreaching, prejudice, or a violation of due process.

¶6        Roman's allegations do not support a claim for ineffective assistance of counsel. He was adequately advised of the plea offer and the relative merits compared to his chances at trial. *See State v. Donald*, 198 Ariz. 406, 412, ¶ 11, 10 P.3d 1193, 1199 (App. 2000). He has shown nothing to establish that there were errors and that but for those errors he would have rejected the plea and gone to trial. *See State v. Bowers*, 192 Ariz. 419, 424, ¶ 19, 966 P.2d 1023, 1028 (App. 1998). Nor does Roman indicate how counsel could have convinced the State to further reduce its plea offer. His counsel filed a sentencing memorandum with multiple exhibits. His complaint about counsel not moving to suppress statements is not specific as to what should have been suppressed, the content of the statements, or the legal basis for suppression. In any event, the waiver of non-jurisdictional defects includes deprivations of constitutional rights, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), and all claims of ineffective assistance of counsel not directly related to the entry of the plea. *State v.*

*Quick*, 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993).  Roman waived his right to file any such motions.

¶7  Nor do we find any error by the court in any of the proceedings.  Nothing in the record of the settlement conference shows the court acted in an "intimidating" manner towards Roman.  In relation to the plea offer, the court noted, "It's completely your decision with the advice of your attorney."  At sentencing, the court sentenced Roman to a slightly aggravated sentence, citing multiple aggravating factors, including the age of the victim, the abuse of trust involved, and the harm to the victim that will affect her for life.  The court also put multiple mitigating factors on the record, and considered Roman's law-enforcement record as both aggravating and mitigating.  Roman fails to cite, and we find no evidence in the record of undue coercion in the settlement conference, defects in the plea proceedings, or sentencing.

¶8  Roman has failed to raise a colorable claim for which this court may grant relief.  Therefore, while we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4