NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANDREW MILO NOBLE, *Petitioner*.

No. 1 CA-CR 16-0459 PRPC
FILED 7-27-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-146404
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Andrew Milo Noble, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

**J O H N S E N**, Judge:

¶1          Andrew Milo Noble petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          A jury convicted Noble of three counts of child molestation and one count of kidnapping. He was sentenced to three concurrent sentences of 25 years to life on the child molestation convictions, and a consecutive sentence of 25 years to life on the kidnapping conviction. The Arizona Supreme Court affirmed his convictions and sentences in 1987. *State v. Noble*, 152 Ariz. 284 (1987). In 2016, Noble filed a successive petition for post-conviction relief claiming ineffective assistance of trial counsel and that he was entitled to review of his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004). The superior court summarily dismissed his petition.

¶3          On review, Noble argues his trial counsel was ineffective when he "refused" to allow Noble to testify; Noble further contends his trial counsel told him that he should not testify because the jury would disbelieve him because he is Black. His claim of ineffective assistance of counsel is precluded as untimely. *See* Ariz. R. Crim. P. 32.2(a), 32.4(a); *see also State v. Spreitz*, 202 Ariz. 1, 2, ¶ 4 (2002) ("Our basic rule is that where ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded." (Emphasis omitted.)). Although Noble alleges he first learned of this issue in 2016, he has known since his trial what his lawyer told him at that time. Further, the record of his trial indicates that although he did not testify on the substantive charges, he did testify (against advice of counsel) at the trial on his prior convictions.

¶4          Noble also argues that his consecutive 25-years-to-life sentences are unconstitutional, but that claim is precluded under Arizona Rule of Criminal Procedure 32.2(a) because it could have been raised on appeal.

¶5          To the extent that we could construe Noble's petition for review to raise a claim under Arizona Rule of Criminal Procedure 32.1(g) (significant change in the law), that claim is also without merit (and was previously denied in a different Rule 32 proceeding). Noble was sentenced in 1987. *Blakely* announced a new constitutionally based rule that has no retroactive application. *State v. Febles*, 210 Ariz. 589, 592, ¶ 7 (App. 2005).

Because Noble's conviction was final before *Blakely* was decided in 2004, *Blakely* has no application to Noble. *See id.*

**¶6**          Finally, in his petition for review Noble raises other allegations concerning the manner in which the Maricopa County superior court processes petitions for post-conviction relief that he did not present to the superior court. We will not address these allegations. A party may not supplement the record with matters not first considered by the superior court. *See State v. Martinez*, 134 Ariz. 119, 120 (App. 1982) ("Appellate courts will review only those matters which appear in the records of the trial court.").

**¶7**          For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA