NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALLEN JOSUE MARTELL, *Appellant.*

No. 1 CA-CR 24-0308

FILED 10-22-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-006085-001
The Honorable Laura Johnson Giaquinto, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones, Phillip A. Tomas
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

---

**F O S T E R**, Judge:

**¶1** Defendant Allen Josue Martell appeals his convictions and sentences for aggravated driving under the influence ("DUI"), class four felonies. Martell argues the court erred by declining to instruct the jury on a *Willits* instruction and that there was insufficient evidence to sustain a conviction for impairment by Tetrahydrocannabinol ("THC"), the primary psychoactive component of marijuana. For the reasons below, this Court affirms.

### FACTS AND PROCEDURAL HISTORY

**¶2** This Court "view[s] the evidence in the light most favorable to sustaining the jury's verdict and resolve[s] all reasonable inferences against the defendant." *State v. Fierro*, 254 Ariz. 35, 38, ¶ 2 (2022) (citation omitted).

**¶3** Martell's convictions stem from suspicion of DUI when the vehicle he was driving collided with metal cable barriers in the median of a highway. A trooper, certified as a Drug Recognition Expert, arrived at the scene and "observed a smell of light odor of burnt marijuana . . . emanating from . . . the passenger compartment." Martell informed the trooper he smoked three blunts of marijuana the previous night. The trooper conducted a roadside DUI investigation and Martell consented to field sobriety testing. After the four field sobriety tests indicated impairment, the trooper arrested Martell for DUI. Following Martell's arrest, the trooper found pieces of a burnt cigarette in the vehicle's cup holder and later testified that it smelled of marijuana. Martell's vehicle was impounded. A subsequent blood draw revealed 9.7 nanograms per milliliter ("ng/ml") of THC in Martell's system. No one retrieved the vehicle from the impound lot and the lot owner eventually disposed of it.

**¶4** The State charged Martell with two counts of aggravated DUI. Count 1 alleged driving with a suspended license while impaired to the slightest degree and Count 2 alleged driving while having a previous

conviction within 84 months of this incident. *See* A.R.S. §§ 28-1383(A)(1), (2), -1381(A)(1).

¶5        Martell moved to dismiss. He argued that (1) the State failed to preserve the vehicle and (2) the State did so in bad faith. Martell reasoned that at the time of the incident, he informed law enforcement that the vehicle he drove had a mechanical issue, specifically an alignment problem. Because the State was aware of the mechanical issue, Martell argued, the State had a duty to investigate and preserve evidence that was exculpatory or exonerated him. Alternatively, Martell argued the court should provide a *Willits* instruction, which permits the jury to draw "an inference unfavorable to the prosecution" when the State destroys evidence. *State v. Willits*, 96 Ariz. 184, 191 (1964).

¶6        After briefing on the motion, the court held a hearing and denied Martell's motion to dismiss and the *Willits* instruction request. The court found that Martell failed to show "a real likelihood that the evidence would have had evidentiary value." The court also found the State did not act in bad faith, which Martell does not challenge on appeal.

¶7        A four-day jury trial proceeded and the parties stipulated that (1) Martell's driver's license was revoked at the time of the incident; (2) Martell "knew or should have known his driver's license [was] revoked" at the time of the incident; (3) Martell was "convicted twice for driving or actual physical control while under the influence of . . . drugs"; and (4) the incident occurred within 84 months from a previous conviction of a DUI. Regardless, Martell and his fiancé, the owner of the vehicle, testified about the vehicle's mechanical issues. Martell's fiancé testified she owned the vehicle for about two weeks and also experienced a shaky steering wheel.

¶8        At the close of the State's evidence, Martell moved for a directed verdict. Martell's counsel argued that the State did not prove the THC in Martell's system caused impairment because the various field sobriety tests "are not validated for marijuana" and because no trooper was present to observe Martell's behavior before THC was in his system. The court denied the motion, finding the State presented substantial evidence and the jury was instructed on Martell's charges. The jury found Martell guilty on two counts of aggravated DUI by intoxicating drugs.

¶9        Following trial, Martell moved for a new trial, which the court denied. The court sentenced Martell to a presumptive 10 years' prison term with 99 days of presentence incarceration credit. The court ordered both counts to run concurrently. Martell sought reconsideration of the denial of

a new trial and at sentencing, the court denied that motion. Martell appealed and this Court has jurisdiction. Ariz. Const. art. VI, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A).

## DISCUSSION

### I. The denial of a *Willits* instruction was proper.

¶10 Appellate Courts review rulings regarding a *Willits* instruction for an abuse of discretion. *State v. Hernandez*, 250 Ariz. 28, 31, ¶ 9 (2020). A defendant is entitled to a *Willits* instruction when the State "loses or destroys evidence that would have been useful to the defense." *State v. Glissendorf*, 235 Ariz. 147, 149, ¶ 7 (2014). This rule is based "on the notion that the destruction is motivated by a desire to conceal the truth . . . [or] an unwillingness to make the necessary effort to preserve [evidence]." *Id.* (quoting *Willits*, 96 Ariz. at 191). Because a *Willits* instruction "ordinarily concerns physical evidence," the inference may be given "if the state permits evidence within its control to be destroyed." *State v. Broughton*, 156 Ariz. 394, 399 (1988).

¶11 Entitlement to a *Willits* instruction requires the defendant to prove (1) the State's failure to preserve obviously material and reasonably accessible evidence which could potentially exonerate him and (2) the failure resulted in prejudice. *Hernandez*, 250 Ariz. at 31, ¶ 10 (citing *Glissendorf*, 235 Ariz. at 150, ¶ 8). *State v. Geotis*, 187 Ariz. 521, 525 (App. 1996), addressed the first element a defendant needs to show for a *Willits* instruction. In that case, the court denied a *Willits* instruction in relation to the State not preserving evidence left in a car it impounded. In declining to find an abuse of discretion, this Court held "there was no showing that [the items] were . . . inaccessible to the defendant for his later use" since the owner of the vehicle could have retrieved them. *Id.*

¶12 Here, the facts support the same outcome. The court noted that because there was no hold on the vehicle, Martell's fiancé, the owner of the vehicle, could have retrieved it. *See id.* Thus, the evidence was reasonably accessible to Martell, and he cannot establish the "failure to preserve" element of the *Willits* instruction.

¶13 The court did not abuse its discretion in declining to provide a *Willits* instruction. Therefore, this Court need not consider prejudice. *See Hernandez*, 250 Ariz. at 34, ¶ 22.

### II. The State established sufficient evidence to prove impairment.

**¶14**        Martell next argues there was insufficient evidence to convict him of impairment by THC. Martell contends the State failed to establish "a sufficient nexus between THC and the observed—presumably impaired . . . behaviors."

**¶15**        Sufficiency of the evidence is a question of law this Court reviews *de novo*. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). This Court considers the evidence presented at trial to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Fuentes*, 247 Ariz. 516, 526, ¶ 36 (App. 2019). Reversal is appropriate when no probative evidence supports the conviction. *Id.* Probative evidence "is evidence that 'reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt.'" *Pena*, 235 Ariz. at 279, ¶ 5 (quoting *State v. Hausner*, 230 Ariz. 60, 75, ¶ 50 (2012)).

**¶16**        State law makes it unlawful to operate a vehicle with a suspended license and under the influence of drugs "if the person is impaired to the slightest degree." A.R.S. §§ 28-1381(A)(1), -1383(A)(1).

**¶17**        Here, probative evidence supported Martell's conviction that he was impaired to the slightest degree while under the influence of THC. The State's forensic toxicologist testified possible indicators of THC impairment including (1) distorted perception of time; (2) loss of short-term memory; (3) inability to think clearly; (4) eyelid tremors; (5) body tremors; and (6) weakened ability to divide attention. The defense's toxicologist expert affirmed various indicators of THC impairment including divided attention, impaired cognitive function, and body and eyelid tremors. Martell exhibited indicators of impairment when he underwent four field sobriety tests including lack of balance, leg tremors and lack of cognitive ability. The forensic toxicologists' testimonies supported that Martell exhibited indicators of impairment during his field sobriety tests. Thus, sufficient evidence established Martell was impaired to the slightest degree.

**¶18**        Next, while not conclusive of impairment, the THC in Martell's system indicated impairment. Both parties' experts testified that no presumptive impairment threshold existed for THC but testified that recent consumption may cause reasonable impairment to some degree. *See Dobson v. McClennen*, 238 Ariz. 389, 391, ¶ 10 (2015) (unlike alcohol, there is no general threshold of THC concentration that establishes impairment); *State v. Fraser*, 199 Wash.2d 465, 480, ¶ 32 (2022) ("While there may not be a universal THC blood level that is akin to the 0.08 BAC for alcohol impairment, the studies do show that THC levels above 5.00 ng/mL are

indicative of recent consumption in most users."). The State's toxicologist testified that scientific literature points to significant signs of impairment between 5-10 ng/ml in a person's system. On cross-examination, the State's toxicologist testified that THC is detectable in the blood around two to three hours after consumption. The defense's expert testified that a chronic user may also exhibit a THC baseline between 5-10 ng/ml.

¶19 Lastly, the State presented evidence of an odor of marijuana from the vehicle, pieces of a burnt marijuana cigarette in the vehicle's cup holder and Martell admitting he smoked three blunts the previous night. *See State v. Delgado*, 2 CA-CR 2023-0222, 2024 WL 2270611, at *2, ¶ 6 (Ariz. App. May 20, 2024) (mem. decision) (sufficient evidence supported a DUI conviction when the defendant exhibited signs of impairment, such as poor driving, odor of marijuana, tremors, THC in blood and admission of recent marijuana use).

¶20 Although Martell argues that the State's evidence required the jury to "make a leap" that its evidence could not show, it is the jury's responsibility to weigh the credibility of expert testimony and other evidence admitted at trial. This Court will not disturb a jury's or court's findings if probative evidence supports the verdict. *See Fuentes*, 247 Ariz. at 526, ¶ 38; *see also Delgado*, 2024 WL 2270611, at *2, ¶ 6 (court declined to reweigh defendant's request to review arguably inconclusive evidence); *see also State v. Romberger*, 2 CA-CR 2023-0066, 2024 WL 2842751, at *6, ¶ 32 (Ariz. App. June 4, 2024) (mem. decision) (to the extent that evidence was conflicting, that did not render it insufficient and are matters for the jury). The State's evidence viewed in its totality was sufficient for a reasonable trier of fact to find Martell was impaired to the slightest degree under § 28-1381(A)(1).

## CONCLUSION

¶21 For the reasons above, this Court affirms Martell's convictions and sentences.

